1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11    CHARLES JOHNSON,                          )    No. C 13-01071 EJD (PR)
                                               )
12              Plaintiff,                      )    ORDER OF DISMISSAL WITH LEAVE
                                               )    TO AMEND
13       vs.                                    )
                                               )
14                                              )
      HUDSON, et al.,                           )
15                                              )
                Defendants.                     )
16    _____      )

17

18        Plaintiff, a state prisoner at Lancaster State Prison, filed the instant civil rights

19    action in pro se pursuant to 42 U.S.C. § 1983, regarding events that appeared to have

20    occurred at Salinas Valley State Prison.  Plaintiff's motion for leave to proceed in forma

21    pauperis will be granted in a separate written order.

22

23                                      **DISCUSSION**

24    **A.    Standard of Review**

25        A federal court must conduct a preliminary screening in any case in which a

26    prisoner seeks redress from a governmental entity or officer or employee of a

27    governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

28    any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1   claim upon which relief may be granted or seek monetary relief from a defendant who is

2   immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

3   liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

4   1988).

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6   elements: (1) that a right secured by the Constitution or laws of the United States was

7   violated, and (2) that the alleged violation was committed by a person acting under the

8   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9   **B.    Plaintiff's Claims**

10       Plaintiff states he has a history of respiratory distress but Defendants have

11   repeatedly denied his request for an operation at a hospital.  As a result of the denial of

12   the operation Plaintiff states that his throat became infected and his voice is almost out.

13   Plaintiff also states he has not been receiving his tracheotomy care from nurses.  Plaintiff

14   identifies no specific Defendants and fails to describe the operation he needed.  The

15   complaint will be dismissed with leave to amend.  In an amended complaint Plaintiff must

16   provide more information concerning his medical treatment and the specific actions of

17   each Defendant and how they were deliberately indifferent to his serious medical needs.

18       Plaintiff also does not describe where these events occurred.  Exhibits attached to

19   the complaint indicate that he was housed at Salinas Valley State Prison and California

20   State Prison Los Angeles County during the relevant time.  Plaintiff must specify where

21   the events occurred.

22       Deliberate indifference to a prisoner's serious medical needs violates the Eighth

23   Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A prison official violates the

24   Eighth Amendment only when two requirements are met: (1) the deprivation alleged is,

25   objectively, sufficiently serious, and (2) the official is, subjectively, deliberately

26   indifferent to the inmate's health or safety.  See Farmer v. Brennan, 511 U.S. 825, 834

27   (1994).

28   ///

1    A prison official exhibits deliberate indifference when he knows of and disregards

2    a substantial risk of serious harm to inmate health.  See Farmer, 511 U.S. at 837.  The

3    official must both know of "facts from which the inference could be drawn" that an

4    excessive risk of harm exists, and he must actually draw that inference.  Id.  "A difference

5    of opinion between a prisoner-patient and prison medical authorities regarding treatment

6    does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

7    1981).  Similarly, a showing of nothing more than a difference of medical opinion as to

8    the need to pursue one course of treatment over another is insufficient, as a matter of law,

9    to establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058, 1059-60

10   (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven,

11   433 F.2d 873, 874 (9th Cir. 1970).  In order to prevail on a claim involving choices

12   between alternative courses of treatment, a plaintiff must show that the course of

13   treatment the doctors chose was medically unacceptable under the circumstances and that

14   he or she chose this course in conscious disregard of an excessive risk to plaintiff's

15   health.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)

16   (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

17

18                                    **CONCLUSION**

19       For the foregoing reasons, the Court orders as follows:

20       1.  The complaint is DISMISSED with leave to amend.  Within **twenty-eight (28)**

21   **days** of the date this order is filed, Plaintiff shall file an amended complaint using the

22   court's form complaint.  The amended complaint must include the caption and civil case

23   number used in this order and the words "AMENDED COMPLAINT" on the first page

24   and write in the case number for this action, Case No. C 13-01071 EJD (PR).  Plaintiff

25   must answer all the questions on the form in order for the action to proceed.

26       **Failure to respond in accordance with this order by filing an amended**

27   **complaint will result in the dismissal of this action without prejudice and without**

28   **further notice to Plaintiff.**

1    The Clerk shall include two copies of the court's complaint with a copy of this

2  order to Plaintiff.

3

4  DATED: _____4/5/2013_____

EDWARD J. DAVILA
5                                                      United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dismissal with leave to amend
G:\PRO-SE\SJ.EJD\1Shonda to Process\01071Johnson_dwlta.wpd      4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON,

              Plaintiff,

  v.

HUDSON, et al.,

              Defendants.

_____/

Case Number: CV13-01071 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____4/9/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Johnson D-10646
Lancaster State Prison
Inmate Mail/Parcels
P.O. BOX 4490
LOS ANGELES, CA 93539

Dated: _____4/9/2013_____

              Richard W. Wieking, Clerk
             /s/By: Elizabeth Garcia, Deputy Clerk