FILED

JUN 27 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>HUDSON, et al.,<br><br>    Defendants. | No. C 13-01071 EJD (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a state prisoner at Lancaster State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983, against prison officials at various prisons where he allegedly received inadequate medical care. The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint. (Docket No. 7.)

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

Order of Partial Dismissal and of Service
G:\PRO-SE\EJD\CR.13\01071Johnson_svc.wpd

fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that he has been suffering from respiratory distress, a previous tracheotomy, and severe pain in his neck and throat along with tissue build-up. (Am. Compl. Attach. at 4.) Plaintiff's claims arise from the alleged unconstitutional conduct of prison officials at High Desert State Prison ("HDSP"), Salinas Valley State Prison ("SVSP"), and Lancaster State Prison [1] ("LAC"). Because the claims against HDSP officials occurred in Lassen County, which lies within the venue of the Eastern District of California, and the claims against LAC officials occurred in Los Angeles County, which lies within the venue of the Central District, venue properly lies in those respective districts and not in this one. See 28 U.S.C. § 1391(b). Accordingly, the claims against the prison officials of HDSP and LAC are DISMISSED to filing actions in the appropriate districts.

Plaintiff's remaining claims are against SVSP officials Gerald Ellis and L. D. Zamora for deliberate indifference to his serious medical needs. Plaintiff claims that Defendant Ellis and Zamora's actions denied him proper medical care and corrective throat surgery. (Am. Compl. at 7.) Plaintiff claims that as a result, he continues to suffer from severe neck pain, respiratory distress, infections, tissue build-up and worsening loss of voice. (Id. at 7-8.) Liberally construed, Plaintiff's claims are

---

[1] Prisoner refers to Lancaster State Prison as "LAC," which can only refer to the California State Prison in Los Angeles County, located in the city of Lancaster.

cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint, (Docket No. 10), all attachments thereto, and a copy of this order upon **Defendants Gerald Ellis** and **L. D. Zamora** at the **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate all other defendants from this action as Plaintiff has failed to state cognizable claims against them in the second amended complaint.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the second amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **fifty-**

six (56) days from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

3. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint found to be cognizable above.

   a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

   a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods, Nos. 09-15548 & 09-16113, slip op. at**

**7874.**

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.  Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.  All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 6/26/13

EDWARD J. DAVILA
United States District Judge

Order of Partial Dismissal and of Service
G:\PRO-SE\EJD\CR.13\01071Johnson_svc.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON,

       Plaintiff,

v.

HUDSON, et al.,

       Defendants.

Case Number: CV13-01071 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  6/27/13 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Johnson D-10646
Lancaster State Prison
Inmate Mail/Parcels
P.O. BOX 4490
LOS ANGELES, CA 93539

Dated: 6/27/13

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk